[No. 10918. Department Two. September 9, 1913.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v. THE CITY OF RAYMOND, *Respondent*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS— PROPERTY LIABLE—DEDUCTIONS—PREVIOUS SIMILAR IMPROVEMENTS. Where part of a railroad right of way, included in a district of lowlands to be filled, had been partially filled by earth largely taken from the adjacent portion of the right of way, also included within the district, the company is not entitled to a deduction on account of such fill; even assuming that an equitable deduction "must" be made, under Rem. & Bal. Code, § 7972, providing that lands already filled "may" be excluded from the district when "justice and equity require," or under Id., § 7975, providing that where land is partially filled, an equitable deduction for such partial filling "may" be allowed; since the partial fill made by the company did not reduce the number of cubic yards required to make the improvement, and was not a benefit to the district, entitling the company to any reduction as a matter of equity.

Appeal from a judgment of the superior court for Pacific county, Sol Smith, J., entered October 15, 1912, confirming an assessment roll for the filling of low lands. Affirmed.

*Geo. T. Reid, J. W. Quick*, and *L. B. da Ponte*, for appellant.

*Welsh & Welsh*, for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court confirming an assessment roll. The facts, so far as material, are substantially as follows: On March 29, 1911, the city council of the city of Raymond, a city of the third class, passed an ordinance providing for the filling of certain

[1]Reported in 134 Pac. 1047.

low lands in the city, establishing a filling district, and levying an assessment to pay the cost thereof.   Together with other property of the Northern Pacific Railway Company within the district, there was included a part of its right of way on which it had constructed the fill which supported the railroad tracks.   This fill is sixteen feet wide by eight feet high.   The boundary of the district runs down the center of the fill, so that eight feet, or one-half thereof was included within the boundaries of the district.   The improvement having been completed which was called for by the ordinance, and notice having been given, as required by law, February 28, 1912, was fixed as the day on which any person feeling himself aggrieved by reason of the assessment might be heard upon his protest thereto.   The appellant presented a protest the material portion of which is as follows:

"Because of the assessment of the north fifty feet of the right of way of the undersigned which is assessed in the sum of $5,322.85, said right of way having been assessed for a length of 1,637 feet, eight feet in width, being 13,096 square feet of area, which has been filled by the undersigned prior to the initiation of the improvement, and no equitable deduction, nor any deduction at all from said assessment has been made or allowed for said partial filling, as provided by § 5 of said chapter 147 of the laws of 1909."

This protest was not sustained by the city council.   Thereupon an appeal was taken to the superior court, and in due time the matter came on to be heard.   From the evidence it appears that the railway company constructed its fill during the year 1891 or 1892; that the earth from which the fill was constructed was largely taken from the adjacent portion of the right of way which was included within the district to be filled.   The railway company contended that the evidence as to where the dirt came from for the fill was immaterial, and interposed objections thereto, which were not sustained by the trial court.   The contract for doing the filling appears to have been let at so much per cubic yard.   The assessment was made upon the square foot basis.   At the conclusion of the

hearing upon the assessment roll, a judgment was entered confirming the same. From this, the railway company appeals.

It is stated in the brief of the appellant that "the sole question for determination is one of law, viz.: Is the company entitled to credit for the fill within the district? If it is, the judgment must be reversed; if not, it must be affirmed."

The improvement in this case was made under an act passed at the legislative session for the year 1909. Laws 1909, chap. 147, p. 569; Rem. & Bal. Code, § 7972 (P. C. 77 § 855). Section 2 of this act provides:

"Where any parcel of land within the boundaries of such proposed improvement district shall be wholly filled to the proposed grade elevation of the proposed fill, such parcel of land may be excluded from the lists of lands to be assessed, when in the opinion of the city council justice and equity require its exclusion. . . . ."

Section 5 (Rem. & Bal. Code, § 7975; P. C. 77 § 861) provides:

"The several parcels of land located within said improvement district to be assessed for such improvement shall be assessed according to and in proportion to surface area, one square foot of surface to be the unit of assessment: Provided, That where any parcel of land was partially filled by the owner prior to the initiation of the improvement an equitable deduction for such partial filling may be allowed. . . .

The argument in the briefs is devoted almost entirely to the question whether the word "may," as it appears in each of the excerpts quoted, should be read "shall," or be given its ordinary meaning of the permissive. As we view the statute, it makes little difference which meaning be given to the word, so far as the result of the present case is concerned. Let it be assumed that this word in each of the sections shall be given the meaning of the imperative "shall" or "must." The excerpt first quoted would then in effect read, that where a parcel of land within the boundaries of the district shall be wholly

filled to the proposed grade elevation, such parcel of land
*shall* be excluded from the lists of lands to be assessed when in
the opinion of the city council justice and equity requires its
exclusion.   And the excerpt quoted from § 5 would read sub-
stantially, that when any parcel of land was partially filled
by the owner prior to the initiation of the improvement, an
equitable deduction for such partial filling *shall* be allowed.
If read in this way, the act would mean that, where an owner,
prior to the initiation of the proposed improvement, had either
wholly or partially filled a parcel of land within the bound-
aries of the district, there should be a deduction for such fill,
not absolutely, but when it would be just and equitable.
Whether it would be just and equitable to make a deduction
in any case must necessarily depend upon the facts and
circumstances of the particular case.   In the present case, as
already stated, the earth for the fill for which a reduction is
sought was taken from the district to be filled.   The contract
for the filling was let by the cubic yard.   It would therefore
appear that the fact that a portion of the appellant's prop-
erty had been filled prior to the initiation of the improvement
would not be of any benefit to the district for the reason that
it would not depreciate the total amount of fill as measured in
cubic yards.   The prior fill of the appellant not being benefi-
cial to the district, it would not be just and equitable to
make a deduction therefor.

The appellant cites the case of *Johnson v. Tacoma*, 41
Wash. 51, 82 Pac. 1092, as sustaining its claim of right to a
deduction.   But the distinction between that case and this is
that there the court found that the prior improvement which
had been placed upon the property in the form of bulkheads
was of benefit, in that it reduced the cost of the improvement
to the extent of the value of the bulkheads already in; while
here, the fill of the appellant's did not have the effect to reduce
the cost of the improvement.

The judgment will be affirmed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.